UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

 ASHELY M.,

                              Plaintiff,

v.                                                    6:19-CV-6605
                                                      (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC             KENNETH HILLER, ESQ.
  Counsel for Plaintiff                         MELISSA KUBIAK, ESQ.
6000 North Bailey Ave, Ste. 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                     ANNE ZEIGLER, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II        KATHRYN SMITH, ESQ.
  Counsel for Defendant                         PAMELA MCKIMENS, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 25.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.     RELEVANT BACKGROUND

A.    **Factual Background**

Plaintiff was born in 1987.  (T. 74.)  She completed a four-year college.  (T. 204.)

Generally, Plaintiff's alleged disability consists of: panic disorder, "neurological issues,"

seizures, post-traumatic stress disorder ("PTSD"), and depression.  (T. 203.)  Her

alleged disability onset date is May 31, 2014.  (T. 74.)  Her date last insured is

September 30, 2019.  (*Id*.)  Her past relevant work consists of cashier.  (T. 204.)

B.    **Procedural History**

On March 23, 2015, Plaintiff applied for a period of Disability Insurance Benefits

("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI, of the

Social Security Act.  (T. 74.)  Plaintiff's applications were initially denied, after which she

timely requested a hearing before an Administrative Law Judge ("the ALJ").  On October

25, 2017, Plaintiff appeared before the ALJ, Connor O'Brien.  (T. 28-73.)  On December

29, 2017, ALJ O'Brien issued a written decision finding Plaintiff not disabled under the

Social Security Act.  (T. 9-27.)  On June 20, 2019, the AC denied Plaintiff's request for

review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)

Thereafter, Plaintiff timely sought judicial review in this Court.

C.    **The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and

conclusions of law.  (T. 14-23.)  First, the ALJ found Plaintiff met the insured status

requirements through September 30, 2019 and Plaintiff had not engaged in substantial

gainful activity since May 31, 2014.  (T. 14.)  Second, the ALJ found Plaintiff had the

severe impairments of: chronic low back pain syndrome, fibromyalgia, sleep apnea,

obesity, PTSD, panic disorder, and major depressive disorder.  (T. 15.)  Third, the ALJ

found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (*Id*.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a); except:

> she requires a sit/stand option that allows for changing position every 60 minutes for up to 5 minutes, without leaving the workstation.  She cannot climb a rope, ladder, or scaffold; and cannot balance on narrow, slippery or moving surface.  She can occasionally stoop, crouch, climb stairs, push, pull, kneel and crawl.  She needs to avoid hazards, such as open waters or unprotected heights. She can understand and carry out simple instructions and make simple work-related decisions.  She cannot interact with the public and cannot perform tandem/teamwork. She can adjust to occasional changes in work setting.  She can work to meet daily goals, but cannot maintain a fast-paced, automated production line pace.  She needs three additional, short, less-than-five-minute breaks, beyond regularly scheduled breaks.

(T. 16.)[1]  Fifth, the ALJ determined Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 21-23.)

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.    Plaintiff's Arguments

Plaintiff makes four separate arguments in support of her motion for judgment on the pleadings.  First, Plaintiff argues the ALJ failed to give "good reasons" for rejecting the disability-supporting opinion of treating physician David Newman, M.D., dated December 20, 2014.  (Dkt. No. 14 at 23-26.)  Second, Plaintiff argues the ALJ failed to evaluate the December 15, 2015, disability-supporting opinion of Dr. Newman.  (*Id*. at

---

[1]      Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.  20 C.F.R. §§ 404.1567(a), 416.967(a).

26-27.)  Third, Plaintiff argues the ALJ impermissibly considered the opinions of Plaintiff's treating therapists, LCSW Stitzel and MHC Derico, collectively rather than individually.  (*Id*. at 27.)  Fourth, and lastly, Plaintiff argues the ALJ impermissibly based the RFC finding on her own lay interpretation of the medical record after failing to give controlling weight to any medical opinion of record.  (*Id*. at 28-30.)  Plaintiff also filed a reply in which she deemed no reply necessary.  (Dkt. No. 24.)

### B.    Defendant's Arguments

In response, Defendant makes two arguments.  First, Defendant argues the ALJ appropriately weighed opinion evidence.  (Dkt. No. 23 at 20-23.)  Second, and lastly, Defendant argues the ALJ's RFC finding was proper.  (*Id*. at 23-25.)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this

sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct.

2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.    ANALYSIS

### A.    Medical Opinion Evidence

### i.)    Treating Source, David Newman, M.D.

Plaintiff argues the ALJ failed to give good reasons for rejecting Dr. Newman's

December 2014 opinion and ignored his December 2015 opinion.  (Dkt. No. 14 at 23-

27.)  For the reasons outlined below, the ALJ properly assessed Dr. Newman's

December 2014 opinion and any failure to specifically address his December 2015

opinion was harmless.

The opinion of a treating source will be given controlling weight if it "is well

supported by medically acceptable clinical and laboratory diagnostic techniques and is

not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. §

404.1527(c)(2), 416.927(c)(2) [2].  When assigning less than "controlling weight" to a

treating physician's opinion, the ALJ must "explicitly consider" the four factors

---

[2]    Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008).  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted).  Those factors, referred to as "the *Burgess* factors,"  are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist."  *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  A reviewing court should remand for failure to explicitly consider the *Burgess* factors unless a searching review of the record shows that the ALJ has provided "good reasons" for its weight assessment.  *Id*. at 96; *see Guerra v. Saul*, 778 F. App'x 75, 77 (2d Cir. 2019) ("While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned.").

On December 20, 2014, Dr. Newman completed a Physical Assessment form for Monroe County Department of Human Services.  (T. 1076-1079.)  Dr. Newman opined Plaintiff was "very limited 1-2 hours" in her ability to walk, stand, sit, push, pull, bend, lift, and carry.  *Id*.  He further opined Plaintiff was "moderately limited 2-4 hours" in seeing, hearing, and speaking.  *Id*.

The ALJ afforded Dr. Newman's December 2014 statement "partial weight."  (T. 18.)  The ALJ concluded the limitations provided on the form were "not to the degree" supported by the record.  (T. 18-19.)  The ALJ noted the form did not provide an option for performing activities for six hours or more, and lacked any reference to the amount

of weight Plaintiff could lift or carry.  (T. 19.)  The ALJ concluded the limitations provided were "not inconsistent with sedentary limitations."  (*Id*.)

Contrary to Plaintiff's assertion, the ALJ gave examples of how the limitations included in Dr. Newman's opinion were not consistent with the record.  (Dkt. No. 14 at 25.)  As the ALJ discussed in her decision, the treatment record reflects "vague" neurologic symptoms that did not correspond to the objective testing and she had normal gait, normal range of motion, no motor weakness, negative straight leg raising, and no coordination problems.  (T. 18, 283, 285, 297, 368, 370, 421, 496-97, 523, 411, 413, 422, 496, 515, 524, 628, 637, 644, 648, 670, 693, 694, 713, 764, 780, 825, 1189, 1285-87, 1296-97, 1302-03, 1385, 1407.)  Despite her pain complaints, Dr. Newman repeatedly noted Plaintiff did not appear to be in pain.  (T. 288, 362, 628, 634, 637, 644, 660, 670, 780.)  The ALJ also recognized that the style of form used did not provide a space for six hours or more for any activity and lacked any reference to the amounts of weight lifted or carried.  (T. 19.)  Therefore, the ALJ properly afforded less than controlling weight to Dr. Newman's opinion and substantial evidence supported the ALJ's weight determination.

On December 15, 2015, Dr. Newman completed a second Physical Assessment form for Monroe County Department of Human Services.  (T. 1070-1073.)  Dr. Newman opined Plaintiff would be able to work for ten to twelve hours per week in a "low stress job."  (T. 1070-1071.)  Dr. Newman opined Plaintiff was unable to lift more than twenty pounds.  (T. 1071.)  He further opined Plaintiff was "very limited 1-2 hours" in walking; standing; pushing, pulling, and bending; and lifting and carrying.  (T. 1073.)  He opined she had "no evidence of limitations" in her ability to sit, see, hear, or speak.  (*Id*.)

To be sure, the ALJ did not specifically address and weigh Dr. Newman's December 2015 opinion.  Plaintiff argues, an ALJ's failure to consider a medical opinion of record is plain error and warrants remand.  (Dkt. No. 14 at 26 citing *Colon Medina v. Commissioner of Social Security*, 351 F. Supp.3d 295, 302 (W.D.N.Y. 2018) ("The ALJ's failure to consider and address these opinions alone was error warranting remand."); *Acly-Blakeslee v. Commissioner of Social Security*, 2019 WL 7048713, at *2 (W.D.N.Y. Dec. 23, 2019) (an ALJ's failure to evaluate every medical opinion he or she receives is an error warranting remand)).  However, the Second Circuit determined remand is not required if the omitted evidence is consistent with, or less restrictive than, the ALJ's ultimate RFC determination.  *Grega v. Saul*, 816 F. App'x 580, 582 (2d Cir. 2020) (none of the evidence that plaintiff argues was improperly excluded was significantly more favorable to Grega than the evidence that the ALJ considered); *see Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (remand not necessary where the excluded evidence is not "significantly more favorable to the claimant" or is "essentially duplicative of evidence considered by the ALJ").

In addition, Dr. Newman's opinion, that Plaintiff was unable to sustain work on a full-time basis, essentially goes to Plaintiff's ability to perform work on a "regular and continuing basis," which is a determination to be made by the ALJ.  *See* 20 C.F.R. §§ 404.1545(b),(c), 416.945(b),(c) (an ALJ assesses a plaintiff's physical and mental limitations and restrictions and determines plaintiff's RFC for work activity on a regular and continuing basis); *see also Pollino v. Comm'r of Soc. Sec.,* 366 F. Supp. 3d 428, 435 (W.D.N.Y. 2019) ("The ALJ properly rejected Dr. Spurling's opinions relating to Plaintiff's ability to perform full-time work and absences as unsupported by the record.

Neither of the opinions offered by Dr. Spurling include any explanation as to why he believed that Plaintiff could work less than fulltime or would be absent more than four days per month.").  Here the ALJ's RFC was consistent with, or more restrictive than, Dr. Newman's December 2015 opinion.  Indeed, in his December 2015 opinion Dr. Newman opined Plaintiff could sit more than four hours, walk and/or stand 1-2 hours, lift no more than twenty pounds for 1-2 hours, and could perform low stress work.  (T. 1072-1073.)  Such limitations are consistent with the ALJ's RFC for simple, routine, sedentary work with additional non-exertional and social limitations.

As outlined by the ALJ, the record as a whole supported the determination that although Plaintiff's impairments imposed work related functional limitations, she was still capable of performing a limited range of simple, routine, sedentary work on a sustained basis.  The ALJ relied on the medical opinion evidence in the record, numerous treatment notations, objective medical imaging, and Plaintiff's testimony.  Although Dr. Newman opined Plaintiff was unable to perform work on a regular and continuing basis, the ALJ's RFC determination was proper and supported by substantial evidence, as outlined in further detail below.

Overall, the ALJ's adherence to the treating physician rule was clear from her written decision.  *See Guerra,* 778 F. App'x at 77 ("While the ALJ here did not always explicitly consider the *Burgess* factors when assigning the treating physician' opinions less than controlling weight, we nonetheless conclude that the ALJ provided sufficient "good reasons" for the weight assigned."); *see Meyer v. Comm'r of Soc. Sec.*, 794 F. App'x 23 (2d Cir. Nov. 25, 2019) (although ALJ's decision was silent on whether treating source was a specialist, the ALJ nonetheless gave good reasons for assigning the

doctor's opinion little weight); *see Domm v. Colvin*, 579 F. App'x 27 (2d Cir. 2014) (the ALJ properly pointed to substantial evidence for giving the treating source statement only probative weight, noting that the restrictive assessment was inconsistent with the source's own treatment notes, the conclusion of other medical sources, and plaintiff's testimony regarding her daily functioning).

The ALJ provided good reasons in affording Dr. Newton's opinion less than controlling weight.  As outlined above, the ALJ reasonably determined Dr. Newton's 2014 opinion was provided on a form that failed to contain relevant information such as the amount of weight a plaintiff could lift and carry, and further the degree of opined limitations were not supported by the record.  (T. 18-19.)  In addition, the ALJ concluded Dr. Newman's opinion was not inconsistent with her RFC finding for a reduced range of sedentary work.  (T. 19.)  Further, any error in failing to specifically address Dr. Newman's 2015 opinion was harmless because the limitations provided in the opinion were consistent with the ALJ's RFC and the remainder of the ALJ's analysis provided substantial evidence supporting her determination Plaintiff could perform work at a substantial level.

### ii.)   Nancy Stizel, LCSW-R and Stephanie DeRico, MHC

Plaintiff argues the ALJ impermissibly treated the multiple separate opinions from LCSW Stitzel and MHC DeRico as one, stating that "[t]his opinion is given partial weight."  (Dkt. No. 14 at 27.)  Plaintiff argues, by failing to individually assess the opinions of LCSW Stitzel and MHC DeRico, the ALJ failed to demonstrate to Plaintiff and this Court that she conducted a thorough review of the record and properly

considered all of the opinion evidence of record as required by the regulations.  (*Id*. at 28, citing 20 C.F.R. §§ 404.1527(c), 416.927(c).)

A "treating source" is defined as the plaintiff's "own physician, psychologist, or other acceptable medical source who provides [plaintiff], or has provided [plaintiff], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [plaintiff]."  20 C.F.R. §§ 404.1502, 416.902.  There are five categories of "acceptable medical sources."  *Id*. §§ 404.1513(a), 416.913(a).  Opinions of "other medical sources," may be considered as to the severity of a plaintiff's impairment and ability to work, but their conclusions are not entitled to any special weight.  *Id*. §§ 404.1513(d)(1), 416.913(d)(1).

To be sure, an ALJ must evaluate every "medical opinion" in the record.  20 C.F.R. § 404.1527(c); 416.927(c).  However, a medical opinion is a statement from an "acceptable medical source[ ]," and as outlined above, social workers and counselors are not acceptable medical sources.  *Id.* §§ 404.1527(a)(1); 416.927(a)(1).

LCSW Stitzel completed six Psychological Assessment forms for Monroe County Department of Human Services between March 2015 and August 2016.  LCSW Stitzel opined Plaintiff was very limited ("unable to function 25% or more of the time") in the areas of maintaining attention and concentration for rote tasks, and regularly attending to a routine and maintaining a schedule; and Plaintiff was moderately limited ("unable to function 10-25% of the time") in the areas of performing simple and complex tasks independently, and performing low stress and simple tasks.  (T. 1097, 1101, 1105, 1109, 1113, 1117.)

On December 27, 2016, MHC DeRico completed a Psychological Assessment
form for Monroe County Department of Human Services.  (T. 1091-1094.)  MHC DeRico
opined Plaintiff's impairments caused her to be very limited ("unable to function 25% or
more of the time") in the area of maintaining attention and concentration for rote tasks.
(T. 1093.)  She further opined Plaintiff was moderately limited ("unable to function 10-
25% of the time") in the areas of performing simple and complex tasks independently,
and regularly attending to a routine and maintaining a schedule.  (*Id*.)

On March 27, 2017, MHC DeRico completed a second Psychological
Assessment form for Monroe County.  (T. 1087-1090.)  MHC DeRico noted upon
examination Plaintiff exhibited an ambivalent mood, flat affect, and poverty of content.
(T. 1088.)  MHC DeRico indicated Plaintiff had no limitations in her ability to follow,
understand and remember simple instructions and directions.  (T. 1089.)  She indicated
Plaintiff was moderately limited ("unable to function 10-25% of the time") in her ability to:
perform simple and complex tasks independently; regularly attend to a routine and
maintain a schedule.  (*Id*.)  She further indicated Plaintiff was very limited ("unable to
function 25% or more of the time") in her ability to maintain attention and concentration
for rote tasks.  (*Id*.)

The ALJ afforded the opinion of LCSW Stitzel and MHC DeRico, that Plaintiff
was "very limited in her ability to maintain attention and concentration, and moderately
limited in her ability to perform simple and complex tasks," partial weight.  (T. 20.)  The
ALJ concluded the opinions were not supported by "laboratory findings or clinical
observations."  (*Id*.)

Plaintiff's contention, that the ALJ was wrong to have discussed the opinion of the providers collectively, fails.  Plaintiff relies on *Colon Medina v. Commissioner of Social Security*, 351 F. Supp. 3d 295, 303 (W.D.N.Y. 2018), for the holding that collective consideration of multiple medical opinions may constitute error. (Dkt. No. 14 at 27.)  In *Colon Medina*, the Court gave limited weight to several sources, including opinions from two treating physicians, without demonstrating individual consideration of the opinion evidence.  *See Colon Medina,* 351 F. Supp. 3d at 302-303.  The Court found error in the ALJ's failure to specifically mention the names of several medical sources, indicating that he may not have even considered them.  *Id*.  Further, because of the ALJ's cursory explanation that some of the reports were vague while others were based on plaintiff's subjective complaints, the Court could not meaningfully review how the ALJ weighed each opinion.  *Id*.

The decision here is distinguishable from that of *Colon Medina.*  First, neither provider was a treating source under the regulations; nonetheless, the ALJ identified each source by name and discussed their treatment records when reviewing the medical evidence.  (T. 19-20); *see Donald A. v. Saul*, No. 1:19-CV-01146, 2021 WL 672043, at *5 (W.D.N.Y. Feb. 22, 2021) (ALJ did not err in "collectively weighing" opinions of treating sources were ALJ identified sources and discussed treatment records attributable to the sources).  Second, when the ALJ weighed the opinions of the two providers collectively, "it was because the lack of objective evidence and inconsistencies [s]he found were directly applicable to each opinion."  *Donald A.,* 2021 WL 672043, at *5.  Although the ALJ has an obligation to apply the regulatory factors to each opinion and explain her reasoning, there is no requirement to restate the same

reasoning repeatedly when it applies equally to more than one opinion.  Therefore, the ALJ did not err in weighing the opinions of the sources collectively.

Plaintiff next makes the conclusory argument that the ALJ impermissibly picked and chose portions of the opinions that supported her RFC while disregarding others. (Dkt. No. 14 at 28.)  "Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."  *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013).  For the reasons outlined above, the ALJ properly assessed the various opinions of record.  Therefore, the ALJ did not commit error in adopting those portions of the opinions she found consistent with the record and reject those she found inconsistent.

## B.    RFC Determination

Plaintiff argues the ALJ's RFC is the product of legal error and not supported by substantial evidence because the ALJ failed to rely on the medical opinions of evidence in crafting the RFC finding where every medical opinion of record from a treating source contained more significant limitations than the ALJ included in her RFC finding.  (Dkt. No. 14 at 29.)  For the reasons outlined below, Plaintiff's argument fails.

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c), 416.927(d), 416.945(a)(3), 416.946(c).  Although the ALJ has the responsibility to determine the

RFC based on all the evidence in the record, the burden is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c), 416.912(c), 416.927(e)(2), 416.945(a), 416.946(c).

The ALJ is obligated to formulate a plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone. *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018). The ALJ did just that in this case. After considering the record as a whole, the ALJ appropriately accounted for the physical and mental limitations she found supported by the overall record by limiting Plaintiff to simple, routine, non-fast-paced sedentary work with additional social limitations and break allowances. (T. 16.) The RFC finding is not defective merely because it "does not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Trepanier*, 752 F. App'x at 79; *see also Monroe v. Com'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (rejecting argument that remand was required because ALJ discounted the only medical opinion such that "there was no competent medical opinion that supported the ALJ's RFC determination."). Although the ALJ did not adopt any opinion in its entirety, she adequately explained her reasons for not doing so. Accordingly, the Court finds that the ALJ did not substitute her own lay judgment for a competent medical opinion. *Wynn*, 342 F. Supp. 3d at 349 (W.D.N.Y. 2018).

Although the RFC did not directly correspond with a single medical opinion, the ALJ relied on the opinions in the record as one piece of the overall medical record. The ALJ's restriction to a reduced range of sedentary work was consistent with Dr. Newman's opinion Plaintiff could lift less than 20-pounds and accounted for limitations

arising from her back pain, fibromyalgia, sleep apnea, and obesity with additional postural and environmental restrictions.  (T. 19, 665, 767.)  Dr. Newman opined in 2014 Plaintiff could sit for more than four hours in an eight-hour workday and lift, carry, walk, stand, push and pull up to two hours in a workday.  (T. 18.)  Although the ALJ's physical RFC does not mirror Dr. Newman's opinion word for word, the doctor's opinion is consistent with the RFC for sedentary work with additional non-exertion limitations including a sit/stand allowance.  The ALJ's physical RFC is further supported by the examination and opinion of the consultative examiner, Carolyn Ling, M.D.  Dr. Ling opined Plaintiff had "mild limitations" in her ability to bend, twist, sit, stand, walk and turn her head.  (T. 498.)  Further, although Matthew Wiza, M.D. opined Plaintiff could "rarely lift up to ten pounds" and she could sit or stand less than two hours in a workday, the ALJ found the doctor's opined limitations inconsistent with treatment and examinations. (T. 19.)

The ALJ's mental RFC limitations were also supported by the record as a whole. (T. 19-21.)  LCSW Stitzel noted Plaintiff was alert and oriented with appropriate attire and behavior, unremarkable motor movement, mostly average eye contact, largely normal speech rate and tone, logical and coherent thought form, normal perceptions, no apparent cognitive deficit, and good judgment.  (T. 478, 482, 592, 900, 909, 962.) Similarly, MHC DeRico's notes reflect good attention and concentration, intact memory, and good judgment.  (T. 1010, 1041.)

The record contains evidence from psychologist Steven Basler, John Langfitt, Ph.D., and Luminita Sasarna, M.D., reflecting examination findings consistent with the ability to perform unskilled work within the parameters found by the ALJ.  Dr. Langfitt

described Plaintiff as alert, oriented, pleasant, and cooperative with clear and fluent voice, logical and coherent thoughts, and no loose associations.  (T. 409.)  Psychologist Basler noted no significant abnormalities in recent or remote memory, attention span, concentration, fund of knowledge, or receptive and expressive language.  (T. 372, 423.) She had logical, organized, and productive thinking and no evidence of thought disorder, hallucinations, delusions, or loose associations.  (T. 372.)  Plaintiff had no deficits with judgment, insight, or impulse control.  (*Id*.)  Dr. Sasaran's notes reflect stable mood, good attention and concentration, average fund of knowledge, and no thought process abnormalities.  (T. 1028-29.)  NP Coy also noted Plaintiff was alert and oriented with appropriate attire and behavior, average eye contact, normal speech rate and tone, logical and coherent thought processes, unremarkable thought content, normal perceptions, good insight and judgment, and no cognitive defect.  (T. 269, 325-26, 358-59, 378, 381-82, 601-02, 905, 928-29, 971).  Therefore, the ALJ's mental RFC was proper and supported by substantial evidence in the record.

Plaintiff may disagree with the ALJ's conclusion; however, the Court must "defer to the Commissioner's resolution of conflicting evidence" and reject the ALJ's findings "only if a reasonable factfinder would have to conclude otherwise."  *Morris v. Berryhill*, 721 F. App'x 29 (2d Cir. 2018) (internal citations and quotations omitted); *Krull v. Colvin*, 669 F. App'x 31 (2d Cir. 2016) (the deferential standard of review prevents a court from reweighing evidence).  As long as substantial record evidence supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision.  *See Davila-Marrero v. Apfel*, 4 F. App'x 45, 46 (2d Cir. 2001) (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)).  As the Supreme Court stated, "whatever the meaning of

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high."

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

**ACCORDINGLY**, it is

     **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is

**DENIED**; and it is further

     **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 23)

is **GRANTED**; and it is further

     **ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is

further

     **ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:     April 19, 2021

                                 William B. Mitchell Carter
                                 U.S. Magistrate Judge